JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
ANGELA CHUANG, Bar No. 313445
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:  (415) 436-7706
Email:  Angela_Chuang@fd.org

Counsel for Defendant OSKAN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Case No.:** CR 21–143 CRB |
| Plaintiff, | **UNOPPOSED MOTION AND [PROPOSED] ORDER TO TERMINATE SUPERVISED RELEASE** |
| v. | |
| CAESAR OSKAN, | |
| Defendant. | |

PLEASE TAKE NOTICE that Defendant Caesar Oskan hereby moves this Court for early termination of his supervised release effective January 1, 2026. This motion is based on the arguments below, and the declaration of Angela Chuang along with its attached exhibits. Probation does not oppose early termination, and the government similarly does not oppose early termination as of January 1, 2026. Undersigned counsel respectfully requests that the Court grant this motion on the papers.

MOT. & [PROP.] ORDER TO TERM. SUPERVISED RELEASE.
*OSKAN*, CR 21–143 CRB

1

**INTRODUCTION**

Caesar Oskan, who began his three-year supervised release term on May 5, 2023, has led a productive, law-abiding life since his release from incarceration. He is a devoted father who lives with and financially supports his youngest son, a dependable employee who has held the same job for two-and-a-half years, and valued community member who has completed hundreds of hours of community service. Throughout, he has continually made regular restitution payments, which will continue to be withdrawn from his social security benefits regardless of whether he is on supervision or not. In sum, he has excelled on supervised release for over 31 months of his 36-month term. Mr. Oskan's performance has demonstrated that continued supervision is no longer necessary to ensure he does not recidivate. He therefore respectfully requests that this Court terminate his supervised release early as of January 1, 2026—effectively ending his supervised release roughly four months ahead of its regular expiration date. Probation and the government do not oppose this request.

**BACKGROUND**

**I.    Mr. Oskan Has An Excellent Record Of Success Throughout His Time on Supervised Release**

On May 19, 2021, Mr. Oskan pleaded guilty to a Superseding Information charging one count of Filing a False Statement to a Financial Institution. Dkt. No. 15. On February 23, 2022, he was sentenced to 18 months in prison to be followed by a three-year term of supervised release. *See* Dkt. No. 25. Several special conditions of supervised release were imposed, including conditions requiring payment of a substantial amount of restitution and the completion of 400 hours of community service. *See id.* After completion of his custodial sentence, Mr. Oskan began his supervised release term on May 5, 2023. *Find an inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited December 11, 2025).

Since his release in May 2023, Mr. Oskan has performed extremely well on supervised release. He has a spotless record with no violations over 31 months of supervision and is only 5 months away from his anticipated expiration date. Since his release from prison, he has completed the requisite 400 hours of community service. *See* Chuang Declaration in Support of Defendant's Unopposed Motion to Terminate Supervised Release ("Chuang Decl."), Ex. A (Emails with Probation) at 1. He satisfied

his community service obligations by volunteering at a food bank serving unhoused people in San Rafael. *See* Chuang Decl., Ex. B (Caesar Oskan Letter). Mr. Oskan has also consistently maintained a stable residence and a steady job. Chuang Decl., Ex. A (Emails with Probation) at 1. Specifically, he lives with his youngest son, whom he also supports financially through his work as a driver for a disabled attorney, a position that he has held since June 2023. Chuang Decl., Ex. B (Caesar Oskan Letter). He has also kept up to date with monthly restitution payments, which currently are satisfied through offsets from social security benefits that are expected to continue even if his supervision is terminated.[1] *See* Chuang Decl., Ex. A (Emails with Probation) at 1. Mr. Oskan's stellar performance on supervised release—while working full-time and supporting his family—is strong evidence that he has been rehabilitated and no longer requires court supervision to refrain from criminal activity.

While Mr. Oskan has been on supervised release, he has been unable to travel to Turkey—where he originally is from and where some family members as well as his fiancée reside. *See* Chuang Decl., Ex. B (Caesar Oskan Letter). Early termination of his supervision would allow him to freely travel to Turkey to visit his loved ones, including his fiancée, all of whom are important pillars of his support network. *See id.* Mr. Oskan respectfully requests that, given his successful track record over more than 31 months on supervised release, this Court terminate his supervised release early as of January 1, 2026.

## ARGUMENT

This Court has the authority to grant early termination of a term of supervised release "at any time after the expiration of one year of supervised release pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). This statute sets forth the standard for deciding a motion to grant supervised release. *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). If the conduct of the defendant is in the interests of justice, a district court has discretion to consider a wide range of circumstances the

---

[1] As of October 2, 2025, his outstanding restitution balance was $ 387,200.15 and the monthly offset from his social security benefits was $263.36. Chuang Decl., Ex. A (Emails with Probation) at 1.

defendant brings in their motion. *United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022). The defendant does not need to experience undue hardship or do exceptionally well for the motion to be granted. *Id*.

Courts in this District have been clear that a defendant's behavior on probation or supervised release is one factor that courts should weigh when considering early termination. As described in *United States v. Zhang*, "exceptionally good behavior is not a prerequisite but one factor that may be considered" in determining whether early termination is warranted. No. 05-cr-00812, 2018 WL 11203669, at *3 (N.D. Cal. January 26, 2018).

Within this Court's broad discretion in deciding a motion to grant early termination of supervised release is the ability to consider the United States Sentencing Guidelines, including Guideline amendments promulgated by the United States Sentencing Commission but not yet adopted by Congress. *See U.S. v. Ruiz-Apolonio*, 657 F.3d 907, 917 (9th Cir. 2011). In its 2025 Amendments to the Sentencing Guidelines, the United States Sentencing Commission amended § 5D1.4 to include a note listing six factors this Court may consider in granting an early termination of a term of supervised release. *See* U.S.S.G. § 5D1.4 cmt. n.1(B). The six factors this Court may consider are:

1. Any violations during the period of supervision;
2. The supervisee's capacity to "lawfully self-manage" by avoiding circumstances that could result in a supervision violation or new criminal charges;
3. The supervisee's "substantial compliance with all conditions of supervision";
4. The supervisee's involvement in "prosocial activities" and any support networks that may help the supervisee "remain lawful" beyond the supervision term;
5. The supervisee's performance on the lowest risk level or a reduction in supervisory risk level over the term of supervision; and
6. Whether early termination "will jeopardize public safety," including information about the supervisee's offense, criminal history, record while incarcerated, community reintegration, and information provided by the victims.

*See id*.

Mr. Oskan satisfies all these factors. He has maintained a perfect record during his term of supervised release, completed a substantial number of hours of community service, maintained stable employment and residence, and made required restitution payments. Through it all, he cultivated a

MOT. & [PROP.] ORDER TO TERM. SUPERVISED RELEASE.
*OSKAN*, CR 21–143 CRB

strong and cooperative relationship with his Probation Officer.[2] *See* Chuang Decl., Ex. B (Caesar Oskan Letter). Through his compliance, he has demonstrated his commitment to learning from his mistakes and to leading a productive, law-abiding life. His commission of the underlying offense was anomalous, and he has shown through his conduct since then that he will not recidivate and does not pose any risk to the public. In short, Mr. Oskan has spent the past 31 months steadily demonstrating his commitment to rehabilitation to this Court, to his family, and to himself. His exemplary performance shows that he no longer needs court supervision or Probation resources to refrain from criminal activity. Thus, the aforementioned factors weigh in favor of terminating his supervised release.

I.   **Terminating Mr. Oskan's Supervised Release Is In The Interests Of Justice**

Given his remarkable record of compliance, early termination of Mr. Oskan's supervised release is in the interests of justice because doing so would allow court resources to be directed toward other supervisees in greater need of such resources. Numerous policy statements endorse this approach. For example, the 2025 Amendments to the Federal Sentencing Guidelines instruct that consideration of early termination can ensure both "that resources are allocated to the individuals most in need" and that a term of supervision is "'sufficient, but not greater than necessary'" to fulfill the statutory purposes of supervision. Amendments to the Sentencing Guidelines 34, (U.S. Sentencing Comm'n, Amendments 2025) (citing 18 U.S.C. § 3583(c); 18 U.S.C. § 3553(a); USSG § 5D1.2 cmt. n.1). Moreover, after eighteen months of supervision, "there is a presumption in favor of recommending early termination for persons" who are not violent or career offenders, present no risk to the public, and are free from any serious violations. Guide to Judiciary Policy, Vol. 8, Part E, § 360.20(c).[3]

This Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the

---

[2] His supervision was recently transferred to a different Probation Officer when his original one went out on extended leave.
[3] Available at https://jnet.ao.dcn/policy-guidance/guide-judiciary-policy/volume-8-probation-and-pretrial-services/part-e-post-conviction-supervision/ch-3-framework-effective-supervision#360_20.

MOT. & [PROP.] ORDER TO TERM. SUPERVISED RELEASE.
*OSKAN*, CR 21–143 CRB

5

conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making a decision about early termination, this Court should follow "the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation." *Id*.

Mr. Oskan satisfies all the conditions for early termination of his supervised release. First, he has successfully completed over 31 months of supervised release, allowing him to meet the one-year statutory requirement. He is, therefore, eligible to bring this motion.

Second, over the past 31 months on supervised release, Mr. Oskan has demonstrated his commitment to rehabilitating himself. During that time, he has not incurred any violations of his supervised release. He has completed 400 hours of community service by volunteering at a food bank. He found and maintained steady employment as a driver for a disabled attorney, a position he has held for two-and-a-half years. He lives with and financially supports his youngest son, who serves as a reminder to him of the importance of family. And he has stayed current on his required restitution payments, which will continue to be withdrawn from his social security benefits even after he is no longer on supervision. With this track record of success on supervised release, it is now in the interest of justice to terminate Mr. Oskan's supervised release.

Third, this Court should grant early termination so that Mr. Oskan can freely travel to Turkey, his country of origin, to visit and spend time with his family and fiancée who reside there. While on supervised release, he has been unable to do so, which has been difficult for him emotionally, as it would be for anyone in his position. Under supervised release, Mr. Oskan must obtain permission from his Probation Officer and the Court in order to travel internationally, hindering his ability to see his loved ones. Allowing Mr. Oskan the flexibility to travel to Turkey as he wishes would permit him to better cultivate and maintain prosocial relationships with loved ones who provide him critical support. Early termination is consistent with the Guidelines' emphasis on the development of strong support networks and prosocial behaviors such as emotional support. *See* U.S.S.G. § 5D1.4 cmt. n.1(B).

Termination is consistent with the factors under U.S.C. § 3553(a), based on Mr. Oskan's record of success on supervised release for over 31 months. During his term of supervised release, he has

had no violations and complied with all his conditions of supervision. He contributes meaningfully to society through his employment and his community service work. For all of these reasons, Mr. Oskan no longer needs the Court's supervision to continue leading the productive life he has built.

## CONCLUSION

For the foregoing reasons, Mr. Oskan respectfully requests that, pursuant to 18 U.S.C. § 3583(e)(1), the Court terminate his supervised release as of January 1, 2026.

Dated: December 16, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

/S
ANGELA CHUANG
Assistant Federal Public Defender

MOT. & [PROP.] ORDER TO TERM. SUPERVISED RELEASE.
OSKAN, CR 21–143 CRB

7

# [~~PROPOSED~~] ORDER

Defendant Caesar Oskan, who has served approximately 31 months of supervised release, moves for termination of supervised release under 18 U.S.C. § 3583(e)(1). This Court, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable, is satisfied that termination of supervised release is warranted by Mr. Oskan's conduct and the interest of justice, and therefore terminates his supervised release as of January 1, 2026.

**IT IS SO ORDERED.**

Date: December 19, 2025

_____
CHARLES R. BREYER
United States Senior District Judge